## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **TROY JENSEN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **CIVIL ACTION FILE NO.** |
| **DEFENDERS SECURITY** | : | **1:17-CV-03693-TWT-AJB** |
| **COMPANY d/b/a/ PROTECT** | : | |
| **YOUR HOME, and** | : | |
| **CHRISTOPHER NIKSCH,** | : | |
| | : | |
| **Defendants.** | : | |

### UNITED STATES MAGISTRATE JUDGE'S ORDER
### AND NON-FINAL REPORT & RECOMMENDATION

Presently before the Court is Defendant Christopher Niksch's ("Niksch") motion to dismiss Plaintiff's claims against him. [Doc. 6]. For the reasons set forth herein, the undersigned **RECOMMENDS** that the motion be **GRANTED** and Plaintiff's complaint against Defendant Niksch be **DISMISSED**.

## I.   *Background*

### A.   **Procedural History**

Plaintiff filed his complaint on September 21, 2017, alleging claims under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.,* and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) *et seq.* [Doc. 1 at ¶ 4]. On November 20,

AO 72A
(Rev.8/8
2)

2017, Defendant Defenders Security Company ("Defenders") answered, [Doc. 4], and Defendant Niksch filed the present motion seeking to dismiss Plaintiff's claims against him.[1]  [Doc. 6].  Plaintiff responded to the motion on December 4, 2017, [Doc. 7], and Niksch replied on December 18, 2017, [Doc. 8].

On April 22, 2018, without leave of the Court, Plaintiff filed a First Amended Complaint.  [Doc. 22].  On May 3, Niksch renewed his motion to dismiss.  [Doc. 24]. On May 17, Plaintiff renewed his response to the same, [Doc. 26], and, on May 18, Niksch renewed his reply, [Doc. 27].

**B.    Effect of Plaintiff's Amended Complaint**

Rule 15(a)(1) of the Federal Rules of Civil Procedure allows a party to amend a pleading as a matter of right within twenty-one days after service of the original pleading, or, if the pleading is one to which a responsive pleading is required, twenty-

---

[1]      The motion only addresses Plaintiff's FLSA claims against Niksch, asserting that "Plaintiff alleges only FLSA claims against Niksch. . . ." [Doc. 6].  In his response, Plaintiff did not object to this characterization of his claims. [*See* Doc. 7 *passim*].  A fair reading of Plaintiff's complaint is that he is only seeking to hold Niksch liable for FLSA damages.  [*See* Doc. 1 at ¶ 45 (alleging that Defenders engaged in prohibited conduct under the FMLA); *id.* at ¶ 53 (accusing Defenders of unlawful FMLA retaliation); *id.* at ¶¶ 64, 65 (alleging that "Defendants" violated the FLSA)].  Therefore, the undersigned will only address Plaintiff's FLSA claims which are the only parts of Plaintiff's complaint addressed in the parties' briefs in support of or in opposition to the pending motion.  [Docs. 6-8].

AO 72A
(Rev.8/8
2)

one days after service of a responsive pleading or service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  Fed. R. Civ. P. 15(a)(1).  Thereafter, a party may amend a pleading "only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.' "); *Halliburton & Assoc., Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 443 (11th Cir. 1985) (Rule 15 "contemplates that leave shall be granted unless there is a substantial reason to deny it.").

In seeking leave to amend a complaint, Fed. R. Civ. P. 7(b)(1) provides that "[a]n application to the court for an order shall be *by motion* which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought." (emphasis added). Fed. R. Civ. P. 7(b)(1).  A separate motion for leave to amend is the proper procedural

AO 72A
(Rev.8/8
2)

vehicle for such a request. *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1222 (11th Cir. 1999).

Since Defendants responded to Plaintiff's complaint on November 20, 2017, [Docs. 4, 6], Plaintiff's attempt to amend his complaint on April 20, 2018 was more than twenty-one days after Defendants responded by answer or motion, and, therefore, Plaintiff could amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2); *see also Fields v. Locke Lord Bissell & Liddell LLP*, No. 1:07-CV-2984-TWT-CCH, 2008 WL 11336849, at *2 (N.D. Ga. June 12, 2008) (Hagy, M.J.) (rejecting amendment filed without defendant's written consent and rejecting plaintiff's argument that defendant "implicitly consented" by failing to object to amendment in preliminary planning report).[2]  There is no written consent to the amendment on the docket, (*see* Dkt.), and neither Defenders' answer to the amended complaint, [Doc. 23], its amended answer, [Doc. 30],[3] nor Niksch's renewed motion to dismiss, [Doc. 24], constitute written consent to the amendment to the complaint. Consequently, Plaintiff could only amend his complaint by a motion, which he did not

---

[2]     Also, in their Joint Preliminary Report and Discovery Plan, filed on April 3, 2018, the parties stated that amended pleadings would be filed in accordance with Fed. R. Civ. P. 15 and did not anticipate any amendments. [Doc. 17 at 7]

[3]     Defenders' amended answer was filed with leave of court.  [Doc. 29].

AO 72A
(Rev.8/8
2)

do. (*See* Dkt.). As Plaintiff did not request leave to amend his complaint, the amended complaint, [Doc. 22], is improperly filed, and is a nullity. *Hoover v. Blue Cross and Blue Shield of Ala.*, 855 F.2d 1538, 1544 (11th Cir. 1988).[4, 5]

Accordingly, the Clerk is **DIRECTED** to **STRIKE** Plaintiff's first amended complaint, [Doc. 22]. As a result, the undersigned **RECOMMENDS** that Niksch's renewed motion to dismiss, [Doc. 24], which goes only to Plaintiff's first amended complaint, be **DENIED AS MOOT**.

---

[4] The difference between the original and amended complaints appears to be the addition of exhibits. *Compare* [Doc. 1] *with* [Doc. 22]. Furthermore, the allegations against Niksch in each complaint are identical. [*Id.*].

[5] The Court recognizes that an untimely amended pleading served without judicial permission may be considered "properly introduced" in situations where leave would have been granted had it been sought or where it appears that the parties would not be prejudiced by the amendment. *Hoover*, 855 F.2d at 1544; *Henry v. Chex Sys.*, No. 1:16-CV-1382-ELR-JSA, 2016 WL 9558959, at *11 (N.D. Ga. Oct. 4, 2016) (R&R), *adopted*, No. 1:16-CV-1382-ELR, 2016 WL 9558941 (N.D. Ga. Oct. 31, 2016). However, a more restrictive attitude toward the failure of a party to proceed in the manner prescribed by the rule is justified to discourage litigants from totally disregarding the requirements of Rule 15(a). Charles Alan Wright & Arthur R. Miller, 6 *Federal Practice and Procedure Civil* § 1484 (3d ed. April 2018 update) (citing *Wagner v. Daewoo Heavy Industries America Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc) ("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.")).

AO 72A
(Rev.8/8
2)

## C.    Facts

As it must when deciding a motion to dismiss, the Court accepts as true the well-pleaded facts set forth in Plaintiff's complaint and construes those facts in the light most favorable to Plaintiff. *See Bryant v. Avado Brands, Inc*., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.").  Although the factual allegations of a complaint must generally be taken as true when ruling on a motion to dismiss, a court should not accept "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

Plaintiff was employed by Defenders, working under Niksch as a service technician and advisor, to install home security devices and advise customers on the technical aspects of the same.  [Doc. 1 at ¶ 13].        The complaint describes Niksch as

> an agent, employee or servant of the master, Defender, and was acting within the course and scope of his agency or employment authority as such, with knowledge, express or implied, of Defender[s].

[*Id.* at ¶ 3].  Plaintiff later described Niksch as "an employer as defined under 29 U.S.C. § 203(d)."  [Doc. 1 at ¶ 12]. According to his complaint,

6

> Plaintiff was paid a small piecemeal rate for installing security devices on behalf of Defender[s], and would receive a small commission if he was able to sell further security system devices or upgrades to the customer he was assigned. . . . At no time was Plaintiff paid on a "salary basis" as contemplated by the FLSA.

[*Id.* at ¶ 14]. Plaintiff alleges that, during the course of his "approximately eighteen-month long employment with Defender[s], he consistently worked from sixty to sixty-five hours per week. Plaintiff was never paid overtime wages by Defender[s] or Niksch, and is entitled to recover lost overtime wages. . . ." [*Id.* at ¶ 15; *see also* ¶¶ 57-67 (Count III)]. Eventually, Plaintiff was terminated by Niksch on April 5, 2017. [*Id.* at ¶ 39].

As relief for his FLSA claims, Plaintiff requests "unpaid overtime compensation . . . plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b)[,] . . . attorneys' fees and legal costs[.]" [*Id.* at ¶ 68].

## II.   *Motion to Dismiss Standard*

Niksch seeks dismissal under Federal Rule of Civil Procedure 12(b)(6). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 12(b)(6). While a complaint need not contain detailed

AO 72A
(Rev.8/8
2)

factual allegations, mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *accord Iqbal*, 556 U.S. at 678-79 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and are "not entitled to the assumption of truth."). Rather, plaintiffs are required to make factual allegations that are "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Complaints must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Fin. Sec. Assurance, Inc. v. Stephens, Inc*., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (internal quotation marks omitted).

The court also may dismiss a complaint pursuant to Rule 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action. *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### III. *Discussion*

#### A. **Parties' Arguments**

Niksch's motion is premised on a single argument: that Plaintiff cannot assert FLSA claims against him, as an individual employee of Defenders, because he is not

8

an employer for purposes of the FLSA. [Doc. 6 at 1-2]. More specifically, Niksch claims that, because he was not an owner, officer, or otherwise in control of Defenders' financial affairs with authority to alter its compensation scheme, he cannot be liable under FLSA. [*Id.* at 3-4 (citing *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1309 (11th Cir. 2013))]. According to Niksch, Plaintiff's sole allegations concerning his role as an employer are that Plaintiff "worked under" him, he "was, an agent, employee or servant of the master, defender, and was acting within the course and scope of his agency and employment authority as such," and "has been an employer as defined under 29 U.S.C. § 203(d)." [*Id.* at 3 (citing [Doc. 1 at ¶¶ 3, 12-13, 60])]. Niksch submits that these descriptions are too vague and conclusory to satisfy the pleading standards for individual liability under FLSA. [*Id.* at 4-5 (citing *Demore v. Klone Enters.*, No. 16-61647-CIV, 2017 WL 2123986, at *3 (S.D. Fla. Apr. 25, 2017); *Davison v. Dos Amigos Taqueria LLC*, No. 12-6514-CIV, 2013 WL 12131317, at *1-2 (S.D. Fla. Jun. 21, 2015); *Phillips v. Carpet Direct Corp.*, No. 16-CV-02438-MEH, 2017 WL 121630, at *9 (D. Colo. Jan. 10, 2017); *Tracy v. NVR, Inc.*, 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009))].

Plaintiff responds by contending that FLSA's pleading requirements are more simple. [Doc. 7 at 4 (citing *Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763

AO 72A
(Rev.8/8
2)

(11th Cir. Nov. 4, 2008))].  Plaintiff submits that the FLSA defines employer broadly to include " 'both the employer for whom the employee directly works as well as any person acting directly or indirectly in the interests of an employer in relation to an employee.' "  [Doc. 7 at 5 (citing *Lamonica*, 711 F.3d at 1309 (internal citations omitted))].  According to Plaintiff, an employer is not limited to an officer and the Court must evaluate the " 'circumstances of the whole activity' to determine if an individual is an employer under FLSA." [*Id.* at 5-6 (citing *Lamonica*, 711 F.3d at 1310 (internal citations omitted))].  Plaintiff asserts that the Court must find that the individual possessed operational control of the plaintiff, which is demonstrated through involvement in daily operations, direct responsibility for supervision of the employee, or managerial responsibilities and substantial control over the terms and conditions of plaintiff's work.  [*Id.* at 5-7 (citing *Lamonica*, 711 F.3d at 1310, 1313; *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986); *Falk v. Brennan*, 141 U.S. 190, 195 (1973); *Herman v. RSR Sec. Servs., Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999))].  Plaintiff adds that the "economic realities test" is used to determine an individual's employer status under FLSA, which involves examining whether the alleged employer (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment, and

10

(4) maintained employment records.  [*Id.* at 7-8 (citing *Beck v. Boce Group, L.C.*, 391 F. Supp. 2d 1183 (S.D. Fla. 2005); *Villareal v. Woodham*, 113 F.3d 202, 206 (11th Cir. 1997))].

Niksch replies that Plaintiff has misconstrued the precedent elucidated in *Lamonica* and *Patel*.  [Doc. 8 at 2-3.  He argues that *Patel* held that a " 'corporate officer with operational control of a corporation's covered enterprise' could be an 'employer' under FLSA as long as he is either 'involved in the day-to-day operations or ha[s] some direct responsibility for the supervision of the employee.' "  [*Id.* at 2-3 (quoting *Patel*, 803 F.2d at 638)].  Moreover, Niksch argues, *Patel* relied on *Donovan v. Agnew*, 712 F.2d 1509, 1514 (1st Cir. July 25, 1983), which held that "corporate officers with a significant ownership interest who had operational control of significant aspects of the corporation's day to day functions, including compensation of employees, and who personally made decisions to continue operations" were employers under FLSA.  [*Id.* at 3].  Niksch distinguishes *Lamonica*, which analyzed *Patel* to determine that directors who were not officers, but each owned about 22.5 percent of the business, could be individually liable under FLSA because, in addition to operational control, they had "control over its financial affair[s]."  [*Id.* (citing 711 F.3d at 1310, 1313)].  Niksch also distinguishes *Falk* because it held that a

11

partnership controlling management of an apartment complex was an employer. [*Id.* at 4 (citing *Falk*, 414 U.S. at 195)]. Lastly, Niksch contends that Plaintiff's reliance on *Labbe* is misplaced, as it has been found inconsistent with *Iqbal*'s pleading requirements. [*Id.* at 4-5 (citing *Cooley v. MHR Alabama, Inc.*, 259 F. Supp. 2d 1312, 1218-19 (N.D. Ala. 2017) (internal citations omitted); *Diaz v. U.S. Century Bank*, No. 12-cv-21224-CIV, 2012 WL 3597510, at *3 n.1 (S.D. Fla. Aug. 2, 2012); *Gonzalez v. Old Lisbon Rest. & Bar, L.L.C.*, 820 F. Supp. 2d 1365, 1370 n.3 (S.D. Fla. 2011))].

### B.   Analysis

Under the FLSA, an

> "[e]mployer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization.

29 U.S.C. § 203(d).[6]

---

[6] Notably, the FMLA defines employer as "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(ii)(I). The FMLA's definition of "employer" is "materially identical with" the definition used in the FLSA, 29 U.S.C. § 203(d). *See Wascura v. Carver*, 169 F.3d 683, 685-86 (11th Cir. 1999). Therefore, to the extent that Plaintiff asserts FLMA claims against Niksch, a finding that he is not an employer under FLSA

AO 72A (Rev.8/82)

Courts have long held that an individual can be an "employer" under the FLSA. *See Patel*, 803 F.2d at 637-38.  In *Lamonica*, the Eleventh Circuit noted that, although *Patel* recognized personal liability for officers, it "did not purport to limit personal liability to officers, and the Act's broad definition of 'employer' does not admit of such a limitation." *Lamonica*, 711 F.3d at 1310.  Rather, the court held that, as a general matter, "non-officers may be held personally liable under FLSA." *Id.* at 1313.  In clarifying "the degree and type of operational control that will support individual liability under FLSA," *id.*, the court concluded that "[a] supervisor's ownership interests in the corporation and control over the corporations day-to-day functions are relevant to [whether the individual is an employer] because they are indicative of the supervisor's role in causing the violation." *Id.*  While an individual who "owned a substantial percentage of the corporation, suggests that they had control over the financial affairs and support a finding of personal liability," *id.*, *Lamonica* stressed that, "our primary concern is the supervisor's role in causing the FLSA violation" and "to support individual liability, there must be control over 'significant aspects of the company's day-to-day functions, including compensation of employees or other matters

_____

also precludes any FMLA claims against him individually.

in relation to an employee.' "  *Id.* at 1314 (quoting *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008)).

Thus, while Plaintiff is correct that ownership interest is not, in and of itself, the dispositive factor in determining whether an individual can be held liable as an employer under FLSA, [Doc. 7 at 6-7], the inquiry does not end there.  To state a plausible claim against Niksch, Plaintiff must allege facts showing that Niksch had "control over 'significant aspects of the company's day-to-day functions, including compensation of employees or other matters in relation to an employee.' "  *Lamonica*, 711 F.3d at 1314.  The complaint is bereft of any factual allegations concerning Niksch's ability to control the conditions that allegedly caused the FLSA violations to occur.  For example, Plaintiff only asserts that he "was never paid overtime wages by Defender[s] or Niksch, and is entitled to recover lost overtime wages" and that "Niksch is now, and at all times, has been an employer as defined under 29 U.S.C. § 203(d)." [Doc. 1 at ¶¶ 12, 15].  These are precisely the type of "legal conclusions masquerading as facts" that do not withstand Federal Rule of Civil Procedure 12(b)(6).  *Oxford Asset Mgmt., Ltd.*, 297 F.3d at 1188; s*ee also Twombly*, 550 U.S. at 555 ("labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not

14

do"); *Iqbal*, 556 U.S. at 678-79 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In response to Niksch's motion Plaintiff implies, for the first time, that under the economic reality test, he alleged sufficient facts for the Court to find that Niksch "had authority over Plaintiff" and "power to control his wages in some manner." [Doc. 7 at 8]. Even if that language was somehow sufficient to survive the basis for Niksch's motion, which it is not, a party cannot amend a complaint by asserting new facts or theories in the response to a motion to dismiss.  *See Fin. Sec. Assur., Inc.*, 500 F.3d at 1284 (citation omitted); *Long v. Satz*, 181 F.3d 1275, 1278-79 (11th Cir. 1999); *Brown v. J.P. Turner & Co.*, No. 1:09-cv-2649-JEC, 2011 WL 1882522, at *5 (N.D. Ga. May 17, 2011) (Carnes, J.) (noting that it is "plainly inappropriate" to raise allegations for the first time in response to a motion to dismiss) (citations omitted); *Bruhl v. PriceWaterhouseCoopers Int'l*, No. 03-23044, 2007 WL 997362, at *4 (S.D. Fla. Mar. 27, 2007) (noting that a plaintiff may not supplant allegations made in their complaint with new allegations raised in a response to a motion to dismiss); *accord Walker v. City of Orlando*, No. 07-651, 2007 WL 1839431, at *5 (M.D. Fla. June 26, 2007) (limiting consideration to the

15

allegations contained in the complaint, even when new allegations were raised in response to a motion to dismiss).

Finally, the Court recognizes that Plaintiff has asserted facts against Niksch that he denotes as applying to his FMLA claim ("Factual Background for FMLA Claims"), [Doc. 1 at 5-10], but the Court has considered them in reference to the FLSA-employer issue as well. Although those paragraphs relate how Niksch allegedly pressured Plaintiff to return to work despite a contrary medical recommendation and allowed Plaintiff time off from work to seek medical leave, but ultimately denied his requests for medical leave and fired him, [*see id.* at ¶¶ 25, 27, 36, 38-39], none of these statements concerns Niksch's operational control of the company or its day-to-day affairs, or his ability to comply or not comply with the FLSA. Even assuming the accuracy of these allegations, if these actions rendered Niksch an FLSA employer, "then every supervisor in every company would be individually liable for FLSA damages as an employer." *Pineda-Marin v. Classic Painting Inc.*, No. CV-08-798-HU, 2010 WL 1257616, at *11 (D. Or. Mar. 25, 2010) (quoting *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 33-34 (1st Cir. 2007) ("not every corporate employee who exercise[s] supervisory control should be held personally liable [under the FLSA]"; finding that president of corporation who was corporate officer in charge of hiring, firing,

16

attendance at meetings, wages, and schedules was "employer" under FLSA), citing *Donovan v. Agnew*, 712 F.2d 1509, 1510, 1511, 1513-14 (1ˢᵗ Cir. 1983) (noting it "difficult to accept . . . that Congress intended that any corporate officer or other employee with ultimate operational control over payroll matters be personally liable [under the FLSA]," but concluding that the FLSA did not preclude personal liability for "corporate officers with a significant ownership interest who had operational control of significant aspects of the corporation's day to day functions, including compensation of employees[.]"); *Rivera-Triado v. Autoridad de Energia Electrica*, No. 06-1928(DRD), 2009 WL 3347455, at *3-4 (D.P.R. Sept. 1, 2009) (absent evidence that the two supervisors were corporate officials, controlling of the business's day to day operations, or were in charge of hiring, firing, and setting wages, they were not "employers" under FLSA definition); *Stuart v. Regis Corp.*, No. 1:05CV00016DAK, 2006 WL 1889970, at *6 (D. Utah July 10, 2006) (noting that definition of "employer" for the FMLA is the same as that used in the FLSA and holding that supervisor with authority to provide oral and written reviews of employee's performance and issued written warnings, was not "employer" under that definition when supervisor did not hold a corporate officer position; stating that "[i]ndividuals who have no corporate role beyond a managerial position are not employers[.]"); *Keene v. Rinaldi*,

17

127 F. Supp. 2d 770, 777 n.3 (M.D.N.C. 2000) ("neither the FLSA nor the FMLA were intended to impose liability on mere supervisory employees as opposed to owners, officer, etc.")).

Thus, Plaintiff's complaint's sole factual allegation concerning Niksch, as opposed to legal conclusions or tracking the statutory terms and other than the statement that Defendants failed to pay Plaintiff overtime wages, is that "Plaintiff was employed by Defender[s], working under Niksch[.]"   [Doc. 1 at ¶ 13].  Neither the undersigned nor the parties identified any post-*Lamonica* precedent holding that a supervisor, without any alleged ownership interest or other operational control, is an employer for purposes of FLSA liability.  Rather, courts in the Eleventh Circuit distinguish *Lamonica* in much the same way as Niksch; finding that individual employees were not employers for purposes of FLSA where they lacked ownership interests in the company and only had responsibility with respect to the company's financial affairs that was delegated by the owners or officers.  *Demore*, 2017 WL 2123986 at *3 (citing *Godburn v. Adams Tile & Terrazzo, Inc.*, No. 14-cv-114, 2017 WL 1217172, at *4 (M.D. Ga. Mar. 31, 2017); *Gaviria v. Moldonado Bros., Inc.*, No. 13-cv-60321, 2014 WL 12531281, at *5-6 (S.D. Fla. Mar. 31, 2014)); *see also Davison*, 2013 WL 12131317, at *2 (holding that the complaint's allegations as to the

18

supervisor's role as plaintiffs' "employer are too vague and unsupported to establish individual employer liability; the charges presented are 'a mere recitation of the statutory language' ") (citation omitted); *Perez v. Cellco P'ship*, No. 8:12-CV-546-T-30TGW, 2012 WL 2451218, at *1 (M.D. Fla. June 27, 2012) (finding, in FMLA case, that allegations that individual defendant "was the Assistant Director of Financial Services," without any other factual allegations relating to the duties and responsibilities of his position, insufficient to plead individual liability). *Compare Barreiro v. Leon Mgmt. Int'l, Inc.*, No. 12-21333-CIV, 2013 WL 12124617, at *2 (S.D. Fla. Mar. 19, 2013) (denying motion to dismiss where complaint alleged that individual defendants had operational control over the corporate defendant and provided plaintiffs with their work schedules).

The dearth of factual allegations in Plaintiff's complaint concerning Niksch's control of Defenders' operations or finances and Plaintiff's compensation, coupled with the absence of precedent supporting FLSA liability premised on supervision alone, prompt a finding that Plaintiff failed to allege sufficient facts showing that Niksch had control over those aspects of Plaintiff's employment that caused the alleged FLSA violation.

19

Accordingly, the undersigned **RECOMMENDS** that the District Judge **GRANT** Niksch's motion and **DISMISS** Plaintiff's claims against Niksch.

### IV.    *Conclusion*

For the reasons set forth herein, the undersigned **RECOMMENDS** that Defendant Niksch's motion to dismiss, [Doc. 6], be **GRANTED** and Plaintiff's claims against Niksch be **DISMISSED**.   The Court also **RECOMMENDS** that Niksch's renewed motion to dismiss, [Doc. 24], be **DENIED AS MOOT**.

The Clerk of the Court is **DIRECTED** to **STRIKE** [Doc. 22].

**IT IS SO RECOMMENDED AND DIRECTED**, this the  25th   day of July, 2018.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

20